MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

**96-6824**

DR. LEONARD SCHWARTZ,

    Plaintiff,

v.

MADISON GROUP ASSOCIATES, INC., and MGA FITNESS, INC. f/k/a R.S.R.F., INC.,

    Defendants.
_____/

CASE NO. _____
(CIVIL)

**COMPLAINT**

Plaintiff, Dr. Leonard Schwartz, by and through his undersigned attorneys, sues Defendants, Madison Group Associates, Inc. and MGA Fitness, Inc. f/k/a R.S.R.F., Inc., and alleges as follows:

### GENERAL ALLEGATIONS

1. At all times material hereto, Plaintiff, Dr. Leonard Schwartz ("Schwartz"), resided in West Palm Beach, Palm Beach County, Florida.

2. Defendant, Madison Group Associates, Inc. ("Madison"), is a Florida corporation, doing business in Fort Lauderdale, Broward County, Florida.

3. Defendant, MGA Fitness, Inc. ("MGA"), is a Florida corporation, doing business in Fort Lauderdale, Broward County, Florida, and MGA was formerly known as R.S.R.F., Inc. ("R.S.R.F.").

4. R.S.R.F. was a Florida corporation, doing business in Fort Lauderdale, Broward County, Florida.



5.   At all times material hereto, Madison, MGA and R.S.R.F. were and are related corporations, sharing the same corporate offices in Fort Lauderdale, Broward County, Florida.

6.   Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over Plaintiff's claims against the Defendants because they involve federal questions. This action arises under: (i) 35 U.S.C. § 281, as hereinafter more fully appears; and (ii) 15 U.S.C. § 1114, as hereinafter more fully appears.

7.   This Court has personal jurisdiction over the Defendants because the Defendants are incorporated in Florida.

8.   Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because the Defendants maintain a corporate office and do business in this district and because a substantial part of the events giving rise to the Plaintiff's claims occurred in this district.

9.   All conditions precedent to the Plaintiff's rights to pursue this action have been performed, waived or excused.

## COUNT I

### PATENT INFRINGEMENT

10.   This action arises under 35 U.S.C. § 281.

11.   Plaintiff realleges paragraphs 1 through 9, as if stated fully herein.

2

12. Plaintiff originated an endurance-dominated exercise program ("the Heavyhands Technique") and designed hand weights ("the Heavyhands Aerobic Hand Weights") to be used in connection with the Heavyhands Technique.

13. On September 28, 1982 and on December 9, 1986, United States Letters Patent No. 4,351,526 and No. 4,627,618, respectively, were duly and legally issued to Plaintiff for the Heavyhands Aerobic Hand Weights ("Patents"); and since that date, Plaintiff has been and still is the owner of those Patents.

14. On December 18, 1984, United States Trade-mark "Heavyhands", Serial No. 392,838, was duly and legally registered to Plaintiff for the Heavyhands Aerobic Hand Weights ("Trade-mark"); and since that date, Plaintiff has been and still is the owner of that Trade-mark.

15. As a result of the Plaintiff's extensive experience, care, and skill in developing his product, Heavyhands Aerobic Hand Weights have become widely known and have acquired a reputation for excellence. Heavyhands Aerobic Hand Weights have commanded and still command extensive sales that are a source of great profit to the Plaintiff.

16. On December 2, 1987, Plaintiff entered into an exclusive licensing agreement with St. Lawrence Manufacturing, Inc., a/k/a SLM, Inc. ("SLM") for SLM's right, license and privilege to manufacture and sell the Heavyhands Aerobic Hand Weights, and in connection therewith, SLM's right, license and privilege to use Plaintiff's Patents and Trade-mark (the "SLM Licensing Agreement").

A copy of the SLM Licensing Agreement is attached hereto as Exhibit "A."

17. Prior to July 13, 1994, Buddy L, Inc. ("Buddy L") became the successor in interest to SLM.

18. On or about July 13, 1994, Plaintiff and Buddy L modified the SLM Licensing Agreement ("Buddy L Modification"). A copy of the Buddy L Modification is attached hereto as Exhibit "B."

19. Pursuant to the Buddy L Modification, Plaintiff granted Buddy L the right to market and sell a fitness product referred to as "Sweathands," using Plaintiff's Patents.

20. On March 2, 1995, Buddy L, successor in interest to SLM, filed a petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware.

21. On or about May 26, 1995, Plaintiff entered into an exclusive licensing agreement with Capstone Group, Inc. ("Capstone"), on terms similar to those between Plaintiff and Buddy L, for: (i) Capstone's right, license and privilege to manufacture and sell the Heavyhands Aerobic Hand Weights and in connection therewith, Capstone's right, license and privilege to use Plaintiff's Patents and Trade-mark; and (ii) Capstone's right to sell the Sweathands handheld weights (the "Capstone Licensing Agreement"). A copy of the Capstone Licensing Agreement is attached hereto as Exhibit "C."

22. The Capstone Licensing Agreement was contingent upon Capstone's purchase of certain fitness assets ("Fitness Assets") from Buddy L and upon Buddy L's rejection, in the bankruptcy court,

4

of Buddy L's Licensing Agreement with Plaintiff (the "Contingencies").

23. On or about June 30, 1995, the Contingencies were met: Capstone purchased the Fitness Assets from Buddy L, and Buddy L rejected the Buddy L Licensing Agreement with Plaintiff.

24. Accordingly, on or about June 30, 1995, pursuant to its terms, the Capstone Licensing Agreement, Exhibit "C", became effective.

25. Upon information and belief, at the same time, on or about June 30, 1995, Capstone assigned its rights and interests in the Fitness Assets to R.S.R.F., a Florida corporation related to Madison and MGA.

26. R.S.R.F., now known as MGA, was incorporated for the sole purpose of acquiring these Fitness Assets for Madison and MGA.

27. Capstone's assignment to R.S.R.F. did not include or in any way transfer Capstone's Licensing Agreement with the Plaintiff or Capstone's rights to the patent, trade-mark or associated rights of the Heavyhands Aerobic Hand Weights arising under its Licensing Agreement with Plaintiff.

28. At no time has Plaintiff granted to Defendants a license for the patent, trade-mark, or associated rights of the Heavyhands Aerobic Hand Weights.

29. Defendants have for a long time past been and still are infringing Plaintiff's Patents by making, selling and using fitness

products embodying Plaintiff's patented invention, and will continue to do so unless enjoined by this Court.

30. At all times material hereto, Plaintiff has had the required statutory, patent and trade-mark notices placed on all fitness products manufactured and sold, under a license granted by him, to make, sell or use his Patents and Trade-mark.

31. Furthermore, by this Complaint, Plaintiff provides the Defendants with written notice of their infringement.

32. As a result of Defendants' patent infringement, Plaintiff has been damaged and shall continue to be damaged.

33. Plaintiff has hired the undersigned attorneys to represent him and has agreed to pay them attorneys' fees and costs for their representation.

34. Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to attorneys' fees and costs.

WHEREFORE, Plaintiff, Dr. Leonard Schwartz, prays for relief against Defendants, Madison Group Associates, Inc. and MGA Fitness, Inc. f/k/a R.S.R.F., Inc., as follows:

    (i) a preliminary and final injunction against Defendants' continued infringement;

    (ii) an accounting of damages; and

    (iii) damages, prejudgment interest, post-judgment interest, attorneys' fees, costs and all other relief and amounts this Court deems proper and just.

## COUNT II

### TRADE-MARK INFRINGEMENT

35. This action arises under 15 U.S.C. § 1114.

36. Plaintiff realleges paragraphs 1 through 9, 12 through 30 and 33, as if stated fully herein.

37. Defendants have for a long time past been and still are infringing Plaintiff's registered Trade-mark by using in commerce a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered "Heavyhands" Trade-mark in connection with the sale, offering for sale, distribution, or advertising of Defendants' fitness products, and will continue to do so unless enjoined by this Court.

38. Said unauthorized use of Plaintiff's Trade-mark is likely to cause confusion or mistake, and/or to deceive.

39. Furthermore, by this Complaint, Plaintiff provides the Defendants with written notice of their infringement.

40. As a result of Defendants' trade-mark infringement, Plaintiff has been damaged and shall continue to be damaged.

41. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to attorneys' fees and costs.

WHEREFORE, Plaintiff, Dr. Leonard Schwartz, prays for relief against Defendants, Madison Group Associates, Inc. and MGA Fitness, Inc. f/k/a R.S.R.F., Inc., as follows:

    (i) a preliminary and final injunction against Defendants' continued infringement;

    (ii) an accounting of damages; and

(iii) damages, prejudgment interest, post-judgment interest, attorneys' fees, costs and all other relief and amounts this Court deems proper and just.

>Respectfully submitted,
>
>NASON, GILDAN, YEAGER, GERSON
>& WHITE, P.A.
>1645 Palm Beach Lakes Boulevard
>Suite 1200
>West Palm Beach, Florida  33401
>Telephone:  (561) 686-3307
>Facsimile: (561) 686-5442
>Attorneys for Plaintiff
>Florida Bar Number:  854603

DATED: July 23, 1996

By: _____
SUSAN FLEISCHNER KORNSPAN

H:\744\10612\PBX79.CSB\hnen

# CIVIL COVER SHEET

**96-6824**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

DR. LEONARD SCHWARTZ,

## DEFENDANTS

MAGISTRATE JUDGE

MADISON GROUP ASSOCIATES, INC., and
MGA FITNESS, INC., f/k/a R.S.R.F., INC.,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

LEONARD
0.96 CV 6824 (TURNOFF)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Susan Fleischner Kornspan, Esquire
Nason, Gildan, Yeager, Gerson & White, P.A.
1645 Palm Beach Lakes Blvd., Ste. 1200, West Palm Beach, FL 33401

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

35 U.S.C. § 281 and 15 U.S.C. § 1114
patent and trademark infringement

IVa. 3 days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | B ☐ 371 Truth in Lending | ☐ 690 Other | **A LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | B ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | ☐ 790 Other Labor Litigation | ☐ 894 Energy Allocation Act |
| B ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | B ☐ 791 Empl. Ret. Inc. Security Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | | **A FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** in excess of $50,000

**JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE: July 24, 1996
SIGNATURE OF ATTORNEY OF RECORD: Susan Fleischner Kornspan, Esquire /s/ Susan Kornspan

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90

FOR OFFICE USE ONLY: Receipt No. 705111  Amount: 120.00
Date Paid: 7/24/96  M/ifp: _____